## JIMÉNEZ *v.* BORRÁS.

APPEAL from the District Court of Humacao.

No. 123.—Decided April 26, 1904.

SUMMARY PROCEEDINGS—COSTS—LOSSES AND DAMAGES—RETURN OF VALUE OF
PRODUCTS.—Summary proceedings to recover the possession of real property
having been held to lie, a judgment against the wrongdoer for the payment
of costs, damages and the return of the products which he may have received,
follows as a legal consequence.

### STATEMENT OF THE CASE.

This is a summary proceeding, instituted in the District
Court of Humacao by Pedro Jiménez Sicardó against Barto-
lomé Borrás y Ginart, to recover possession of a rural estate.
The case is pending before us on an appeal taken by the de-
fendant, who was represented in this Supreme Court by
Attorney Jacinto Texidor, Attorney Rafael López Landrón
having appeared as counsel on behalf of the respondent.

The judgment rendered by the District Court of Humacao
reads as follows:

"Judgment.—In the city of Humacao, this twenty-fourth day of
August, 1903, this cause for the recovery of real estate, instituted on
behalf of Pedro Jiménez Sicardó against Bartolomé Borrás y Ginart,
represented by Attorneys José R. Aponte Riera and Juan F. Vias
Ochoteco, respectively, came on to be heard.

"On the 16th of June last Attorney José R. Aponte, as coun-
sel for Pedro Jiménez Sicardó, brought an action to recover the pos-
session of real property against Bartolomé Borrás y Ginart, alleging
that his client was in possession, in the name of the estate of
Manuel Jiménez Córdova, of which he forms a part, of an estate
situated in the *barrio* 'Cañabón,' municipal district of Caguas, com-
posed of uplands, lowlands and ridges, having an area of approxi
mately two hundred *cuerdas,* and bounded on the west by lands of the

dancia, por el Poniente, con la Sucesión de Don Antonio Guarch, por el Norte, con la Sucesión de Don Salvador Vieta, por el Este, con terrenos de los Sres. Borrás Hermanos, y por el Sud, con·la carretera de Aguas Buenas, hasta llegar al río Cagüitas que divide la finca de otra de Doña Fabiana Muñoz, hoy del Dr. Don José del C. Jimenez; que el vecino Don Bartolomé Borrás y Ginart, titulándose apoderado de Don Manuel Díaz Caneja, representante de las Monjas Carmelitas, el día veinte y uno de Mayo último se dirigió al partícipe de dicha finca, Don Antonio Gimenez, encargado del poseedor Don Pedro, para que le hiciera entrega inmediata de la referida finca, cuya pretensión fué en el acto rechazada enérgicamente; no contento ni satisfecho el Sr. Borrás, y queriendo de un modo más eficaz para él llevar á efecto sus injustificadas pretensiones, se dirige luego á unos peones que se encontraban desyerbando cañas en una vega colindante con el río y la carretera y que forma parte de la finca mencionada, requiriéndoles para que suspendieran sus trabajos, como así lo hicieron, penetrando por último en la finca donde ha levantado una casita para agregados; que para obtener la restitución correspondiente, se vé en la necesidad de intentar el interdicto de recobrar la posesión con arreglo á los artículos 448 del Código Civil Revisado, 1,629, caso 2, 1640 y 1650 de la Ley de Enjuiciamiento Civil; que ofrece información sobre los hechos siguientes: 1°. Hallarse Don Pedro Gimenez Sicardó en posesión, á nombre de la Sucesión Jimenez Córdova, de la que es parte, del inmueble descrito. 2°. Haber sido despojado aquél de dicha posesión por el vecino y propietario Don Bartolomé Borrás y Ginart en la fecha, y empleados los procedimientos relacionados, y terminó suplicando se admita la información propuesta, y resultando comprobados los dos extremos referidos, mande convocar las partes á juicio verbal, y en definitiva declarar haber lugar al interdicto de recobrar la posesión, mandando que inmediatamente·se reponga á su representado en la posesión de la finca de la que ha sido despojado por el Sr. Borrás, condenando á éste en todas las costas, gastos, daños y perjuicios y devolución de los frutos que hubiere percibido.

2°. *Resultando*: que señalado día para la práctica de la información ofrecida, declararon los testigos José Dolores Calderón, Nicasio Merced Ramos, Cleto Castro y Díaz, Odon Somonte, José Y. Esterás y Juan Ramirez, acerca de los hechos expuestos en la demanda, y

estate of Antonio Guarch, on the north by lands of the estate of
Salvador Vieta, on the east by lands of Messrs. Borrás Hermanos,
and on the south by the Aguas Buenas road, as far as the 'Cagüitas'
river, which divides the estate from another estate of Fabiana Muñoz,
now owned by Dr. José del C. Jiménez; that on the 21st of
May last the said Bartolomé Borrás y Ginart, claiming to be the
attorney in fact of Manuel Díaz Caneja, the representative of the
Carmelite nuns, made demand upon the coparcener of said estate,
Antonio Jiménez, the agent of the possessor Pedro, for the immediate
delivery to him of the said estate, which demand was forthwith ener-
getically rejected; that said Borrás, being displeased and dissatis-
fied with said refusal, and being desirous of carrying out his
unfounded pretensions in a more effectual manner, thereupon spoke
to certain peons who were engaged in grubbing cane in a low stretch
of ground abutting upon the river and road, and which forms part of
the estate in question, ordering them to cease work, which they did, and
finally entered upon the estate, where he built a small house for
the use of the tenants; that in order to obtain the proper restitution
he finds himself under the necessity of instituting summary proceed-
ings for the recovery of possession, in accordance with article 448 of
the revised Civil Code, subdivision 2 of article 1629, and articles 1640
and 1650 of the Law of Civil Procedure; and that he tenders evi-
dence concerning the following facts: 1. That Pedro Jiménez
Sicardó is in possession, in the name of the estate of Jiménez
Córdova, of which he forms part, of the real estate described; 2.
That he was deprived of said possession by the resident and land-
owner, Bartolomé Borrás y Ginart, on the date and by the means
hereinbefore set forth; and concluded with the prayer that the pro-
posed testimony be admitted, and upon proof of the two matters
referred to, that the parties be ordered summoned to an oral trial, and
that the summary proceedings for the recovery of possession be
finally sustained, that his client be forthwith reinstated in the posses-
sion of the property of which he has been deprived by said Borrás,
and that the latter be adjudged to the payment of costs, expenses and
damages, and the return of the value of the products which he may
have received.

"A day having been set for the taking of the proposed evidence,
José Dolores Calderón, Nicasio Merced Ramos, Cleto Castro y Díaz,
Odón Somonte, José Y. Esterás and Juan Ramírez testified as wit-
nesses to the facts stated in the complaint; and the possession of the

apareciendo justificada la posesión por el demandante y el despojo verificado por Borrás, se señaló día para el juicio, y suspendido éste á petición del Letrado Sr. Aponte, se hizo nuevo señalamiento para el diez y siete del corriente á las nueve de la mañana.

3º.  *Resultando*: que el día señalado para el juicio verbal, el Letrado Don Juan Vías Ochoteco, en representación de Don Bartolomé Borrás y Ginart, presentó escrito allanándose á la demanda interpuesta, solicitando se dicte sentencia cn el sentido solicitado por el actor, si bien sin imposición de costas á su representado, de conformidad con la Orden General 118 de 1899, y. el Tribunal señaló para la votación de la sentencia el veinte y dos del corriente á las nueve de la mañana, y citadas las partes se verificó la votación el día señalado.

4º.  *Resultando*: que en la tramitación de este juicio se han observado las prescripciones legales.  Siendo Ponente el Sr. Juez Presidente Don Salvador Fulladosa.

1º.  *Considerando*: que si bien al litigante que se allana no debe condenársele en costas cuando, cual sucede en los pleitos ordinarios, ésta tiene por objeto castigar su temeridad, no resulta así en los interdictos en los que por ser de orden público, la condena de costas tiene por objeto principal resarcir al que ha sido víctima del despojo, de los gastos que para restablecer el estado de derecho preexistente, arbitrariamente perturbado, le causara el despojante.

2º.  *Considerando*: que la regla 63 de la Orden General 118 invocada se refiere á los juicios ordinarios, por lo que no modifica la declaración que para los interdictos establece la Ley de Enjuiciamiento Civil.

3º.  *Considerando*: que el pago de las costas, como los demás pronunciamientos de los interdictos, puede, en su caso, ser objeto de devolución si en el juicio ordinario procedente se extendiese á ese extremo la sentencia que declarase ineficaz la del interdicto.

*Fallamos*: declarando con lugar el interdicto de recobrar por haber sido despojado el demandante en la posesión de la finca descrita en el primer resultando, acordando que inmediatamente se le reponga en ella, condenando al despojante Don Bartolomé Borrás y Ginart al pago de las costas, daños y perjuicios, y devolución de los frutos que hubiere percibido; todo sin perjuicio de terceros.  Así por esta nuestra sentencia, definitivamente juzgando, lo pronunciamos, man-

plaintiff and the deprivation thereof by Borrás having been established, a day was set for the trial, and the same having been continued at the instance of Attorney Aponte, it was again set for the 17th of the present month at nine o'clock a. m.

"Upon the day fixed for the holding of the verbal trial, Attorney Juan F. Vías Ochoteco, as counsel for Bartolomé Borrás y Ginart, presented a writing admitting the allegations of the complaint and requesting that judgment be rendered in accordance with the prayer of the complaint, but without taxing the costs against his client, pursuant to General Order 188 of 1899, and the court having fixed the twenty-second day of the present month at nine o'clock a. m. for the voting upon the judgment, and the parties having been cited, the voting took place on said date.

"The required legal formalities have been observed in the conduct of this case.

"The opinion of the court was prepared by Presiding Judge Salvador Fulladosa:

"Although judgment for costs should not be rendered against a litigant who confesses the allegations of a pleading when the object thereof, as occurs in ordinary actions, is to punish him for obstinately persisting in the prosecution of his suit, it is not so in summary proceedings in which, being of a public character, the principal object of the judgment for costs is to reimburse the person ousted from possession for the expenses entailed upon him in restoring the pre-existing state of right, so arbitrarily disturbed by the acts of the wrongdoer.

"Rule 63 of General Order 118, relied upon, relates to ordinary trials. and therefore does not modify the declaration made by the Law of Civil Procedure with regard to summary proceedings.

"The payment of costs, as well as other matters decided in summary proceedings, may, if meet in the premises, be made the subject of a return in the proper ordinary action if this point is covered by the judgment declaring the summary proceedings to be ineffectual.

"We adjudge that summary proceedings will lie for the recovery of the possession of the property described in the first finding of fact, and of which the plaintiff was deprived, ordering that he be reinstated therein forthwith, judgment being entered against the dispossessor, Bartolomé Borrás y Ginart, for the payment of costs and damages, and for the return of the value of the products derived from the estate; the whole of this judgment to be without prejudice to the in-

damos y firmamos.—Salvador Fulladosa.—Charles E. Foote.—Ramón Quiñones.''

*Resultando*: que contra esta sentencia interpuso la representación de D. Bartolomé Borrás y Ginart recurso de apelación que le fué admitido; y elevados los autos á esta Corte Suprema, previa citación y emplazamiento de las partes, comparecieron éstas, y evacuado el trámite de instrucción, se señaló día para la vista, que tuvo lugar el día veinte de los corrientes, en cuyo acto informaron los letrados de ambas partes cuanto estimaron conducente á la defensa de sus respectivas pretensiones, habiendo manifestado el abogado de Don Bartolomé Borrás y Ginart que el recurso se limitaba á la parte de la sentencia que condena á Borrás al pago de las costas.

Abogado del apelante: *Sr. Texidor.*

Abogado del apelado: *Sr. López Landrón.*

El Juez Asociado, Sr. Sulzbacher, después de exponer los hechos anteriores, emitió la opinión del Tribunal.

*Aceptando* los Resultandos de la sentencia recurrida.

*Considerando*: que habiéndose declarado por dicha sentencia haber lugar al interdicto de recobrar la posesión, promovido por Don Pedro Jimenez Sicardó, sin que este pronunciamiento haya sido impugnado en el recurso, se impone, como consecuencia legal, la condena al pago de las costas, daños y perjuicios, y devolución de los frutos que hubiere percibido el despojante, según preceptúa terminantemente el artículo 1656 de la Ley de Enjuiciamiento Civil, no derogado por la Orden General No. 118 serie de 1899.

*Fallamos*: que debemos confirmar y confirmamos en todas sus partes la sentencia apelada, con las costas del recurso á cargo de la parte apelante; y devuélvanse los autos al Tribunal de Distrito de Humacao, con la certificación correspondiente.

terests of third persons. Thus, by this our judgment, finally adjudging, do we pronounce, order and sign.—Salvador Fulladosa, Charles E. Foote, Ramón Quiñones.''

From this judgment counsel for Bartolomé Borrás y Ginart took an appeal, which was allowed; and the record having been forwarded to this Supreme Court, the parties appeared after citation. The record having been submitted to the parties for examination, a day was set for the hearing, which took place on the 20th of the present month, when the attorneys for both parties made arguments in support of their respective contentions, the attorney for Bartolomé Borrás y Ginart having stated that the appeal was limited to that portion of the judgment ordering Borrás to pay the costs.

*Mr. Texidor,* for appellant.

*Mr. López Landrón,* for respondent.

MR. JUSTICE SULZBACHER, after stating the foregoing facts, delivered the opinion of the court.

The findings of fact of the judgment appealed from are accepted.

The summary proceedings instituted for the recovery of the property by Pedro Jiménez Sicardó having been sustained, and this adjudication upon said point not having been questioned on the appeal, the judgment for the payment of costs, damages, and the return of the value of the products which may have been received by the dispossessor, follows as a legal consequence, as is expressly provided by article 1656 of the Law of Civil Procedure, which article has not been repealed by General Order No. 118, series of 1899.

We adjudge that we ought to affirm and do affirm the judgment appealed from in all its parts, the costs of the appeal to be paid by the appellant.

The record of the District Court of Humacao is ordered to be returned with the proper certificate.

Jueces concurrentes: Sres. Presidente Quiñones y Asociados Hernández, Figueras y MacLeary.

---

El Pueblo *v.* Arrieta.

Apelación procedente de la Corte de Distrito de Arecibo.

No. 7.—Resuelto en Abril 27, 1904.

Rentas—Reglamento Dictado Por el Tesorero.—Los reglamentos dictados por el Tesorero de Puerto Rico, de acuerdo con la Ley de Rentas, tienen fuerza de ley, y los que infrinjan sus disposiciones cometen el delito previsto y castigado en el artículo 396 del Código Penal.

Agentes de Rentas Internas—Facultades para Entrar en los Establecimientos.—Los agentes de rentas internas tienen facultades, según los reglamentos expedidos por el Tesorero de Puerto Rico con arreglo á la ley, para entrar en las fabricas y locales adjuntos á las mismas, y examinar en todo tiempo los libros y las mercancias.

Los hechos están expresados en la opinión.

Abogado del apelante: Sr. Ramos (*José C.*).

Abogado del apelado: Sr. del Toro, Fiscal.

El Juez Asociado, Sr. Figueras, emitió la siguiente opinión del Tribunal.

Este proceso se ha seguido por una acusación debidamente jurada por el Fiscal del Distrito de Arecibo, en diez y seis de Diciembre último, fundada en el artículo 396 del Código Penal, y que literalmente dice así:

"En el pueblo de Camuy el citado Pedro Arrieta Dorregaray, tiene prestada fianza para la elaboración de ron. En 25 de Noviembre de 1903, fué visitada su destilería por los Agentes de Rentas, apareciendo de sus libros que sólo tenía una existencia de tres galones, habiendo encontrado en la destilería dos envases conteniendo ciento treinta galones de ron, poco más ó menos, cuyo ron habia sido elaborado en la destilería durante los dias anteriores y voluntaria y

Chief Justice Quiñones and Justices Hernández, Figueras and MacLeary concurred.